UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GEEKY-ANTS, INC.,

                              Plaintiff,                 **REPORT AND**
                                                                           **RECOMMENDATION**
        -against-                                       23-CV-9401-NGG-SJB

I.AM.PLUS LLC and R. CHANDRASEKAR,

                              Defendants.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

       Plaintiff Geeky-Ants, Inc. ("Plaintiff" or "Geeky-Ants") filed this case against Defendants i.am.plus LLC and R. Chandrasekar (collectively, "Defendants"), alleging breach of contract for unpaid services provided by Plaintiff to Defendants. (Compl. dated Dec. 20, 2023 ("Compl."), Dkt. No. 1 ¶ 1). Plaintiff alleges that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. (*See id.* ¶ 8).

       On January 10, 2024, the Court issued an Order to Show Cause for Geeky-Ants to demonstrate that subject matter jurisdiction exists, because the Complaint suggests complete diversity is absent. (Order to Show Cause dated Jan. 10, 2024). In the Complaint, Geeky-Ants alleges that it is a corporation incorporated in California, with its principal place of business in California. (Compl. ¶ 4). It also alleges that its parent company is an Indian entity. (*Id.*). Defendant i.am.plus LLC is alleged to be a limited liability company, organized under the laws of California with its principal place of business in California. (*Id.* ¶ 5). Defendant R. Chandrasekar is an individual whose citizenship is alleged to also be in California. (*Id.* ¶ 6). Chandrasekar is additionally alleged to be the "sole owner and manager" of i.am.plus. (*Id.*). In sum, the Court noted,

"[b]ased upon this minimal record, the Court would be forced to conclude that diversity jurisdiction is not present or, at minimum, that Plaintiff has failed to meet its burden to demonstrate complete diversity is present." (Order to Show Cause).

Geeky-Ants responded to the Court's order on January 17, 2024. (Resp. to Order to Show Cause dated Jan. 17, 2024, Dkt. No. 7). Geeky-Ants claims that diversity jurisdiction exists "since the Plaintiff is a 100% owned subsidiary of an Indian entity, GeekyAnts India Private Limited." (*Id.* at 1). It further requests leave from the Court to amend its Complaint to include the parent company as a Plaintiff. (*Id.*). This response fails to establish that complete diversity exists, and the proposed amendment does not cure the diversity problem.

As the Court's Order to Show Cause explained, section 1332(a)(1) provides that, for a federal court to exercise diversity jurisdiction, the suit must be among "citizens of different States." This is a "complete" diversity requirement; that is, "[d]iversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). "The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). "For purposes of diversity jurisdiction, a party's citizenship depends on [his] domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "[T]he domicile of a party to a diversity of citizenship case is the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning[.]" 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 (3d ed. 2021); *Palazzo ex rel.*

*Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012); *see also* 28 U.S.C. § 1332(c)(1). In addition, "a limited liability company takes the citizenship of each of its members." *Bayerische Landesbank*, 692 F.3d at 49.

Based on Plaintiff's allegations in the Complaint and its response to the Court's Order to Show Cause, the Court can determine with reasonable certainty that the Defendants' citizenship is in California. Plaintiff's citizenship is, by admission, also in California. Geeky-Ants argues that diversity nevertheless exists because it is a 100% owned subsidiary of an Indian company. (Resp. to Order to Show Cause at 1). "American law generally presumes that corporations are entities separate from their subsidiaries." *In re Air Disaster Near Cove Neck, N.Y., on Jan. 25, 1990*, 774 F. Supp. 718, 720 (E.D.N.Y. 1991); *see, e.g.*, *Rubler v. Unum Provident Corp.*, No. 04-CV-7102, 2007 WL 188024, at *3 (S.D.N.Y. Jan. 25, 2007) (Chin, J.) ("[E]ven though First Unum is a subsidiary of Unum Provident Corporation, the fact that Unum Provident Corporation would remain in the case cannot compensate for First Unum's absence. First Unum is still a separate legal entity with separate rights and obligations from Unum Provident Corporation, and it is First Unum's rights and obligations that are at the heart of this case. In essence, the parties are asking this Court to ignore corporate legal formalities simply to create jurisdiction."). The citizenship of Plaintiff's parent company is therefore irrelevant for this analysis.

Plaintiff's request to amend its Complaint, (Resp. to Order to Show Cause at 1–2), to *add* the Indian parent company as a plaintiff does not resolve the problem. Plaintiff

...

still intends to keep the current plaintiff, California resident Geeky-Ants, in the case. (*Id.* at 1).  And thus, one plaintiff would still be a citizen of the same state as at least one defendant.  (The Court has serious doubts that the case could proceed without the California-based Geeky-Ants, which is alleged the Complaint to be the signatory to the agreement at issue, (Compl. ¶¶ 10, 17), and provided the services at issue, (*id.* ¶¶ 11, 23).[1]

In the absence of complete diversity, the Court lacks jurisdiction, and the only appropriate remedy is to dismiss the case without prejudice.  The Court respectfully recommends that that be done.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara*  January 24, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[1] In neither the Complaint nor its response to the Order to Show Cause does Geeky-Ants provide any additional information about the relationship between the two corporations (such as an alter ego relationship).